UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | Case No. 2:11-cv-11940 |
| Plaintiffs, | HONORABLE STEPHEN J. MURPHY, III |
| *ex rel.* AZAM RAHIMI, | |
| Plaintiff/Relator, | |
| v. | |
| RITE AID CORPORATION, | |
| Defendant. | |

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY [72]**

On March 27, 2018, the Court granted Rite Aid's motion for a protective order staying discovery. ECF 68. The Court explained that it stayed discovery for two reasons. First, "Plaintiff filed a *qui tam* complaint alleging violations of the [False Claims Act ("FCA")] and it must meet the stricter pleading requirements of Civil Rule 9(b)." *Id.* at 1304. Second, permitting discovery "prior to the Court's resolution of [Rite Aid's] motion to dismiss [Plaintiff's second amended complaint] would contravene the very purpose of Rule 12(b)(6) and Rule 9(b) standards and would allow Plaintiff to engage in a potential fishing expedition." *Id.*

On April 11, 2018, the Court denied without prejudice Rite Aid's motion to dismiss the second amended complaint. ECF 70. On May 11, 2018 Plaintiff filed his third amended complaint. ECF 71. The same day, Plaintiff filed a motion to compel discovery. ECF 72. On May 25, 2018, Rite Aid filed a motion to dismiss Plaintiff's

1

third amended complaint. ECF 73. The Court has reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. 7.1(f). For the reasons below, the Court will deny Plaintiff's motion to compel discovery.

Discovery matters are "committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). Trial courts possess "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hayes v. Liberty Mut. Grp. Inc.*, No. 11-15520, 2012 WL 1564697, at *7 (E.D. Mich. May 2, 2012) (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 304 (6th Cir. 2003)).

In the context of an FCA *qui tam* complaint, "*to proceed to discovery on a fraudulent scheme*, [Relator] must plead with specificity" representative claims illustrative of the class of claims "covered by the fraudulent scheme." *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 413 (6th Cir. 2016) (citing *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 506 (6th Cir. 2008)) (emphasis added). "The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quotation omitted). That is especially true when a complaint is subject to Rule 9(b)'s "heightened pleading standard," which seeks "to prevent 'fishing expeditions.'" *U.S. ex rel. Eberhard v. Physicians Choice Lab. Servs., LLC*, 642 F. App'x 547, 554 (6th Cir. 2016).

Plaintiff argues that discovery is appropriate because his third amended complaint "dispels any doubt about [his] ability to meet Rule 9(b)'s pleading standard prior to discovery." ECF 72, PgID 1431. Plaintiff further avers that "[t]here can be no serious dispute that Relator's new allegations satisfy Rule 9(b), and that Relator cured the pleading issues identified by the Court without any discovery from Rite Aid." ECF 75, PgID 1716.

In its discretion, the Court will deny the motion for three reasons. First, Plaintiff's motion to compel discovery impliedly asks the Court to resolve the motion to dismiss, which the Court will not do in the present context. Second, Plaintiffs' third amended complaint must meet the stricter pleading requirements of Rule 9(b)—just like his second amended complaint. And Rite Aid contends that Plaintiff failed to carry his burden. *See, e.g.,* ECF 73, PgID 1457–64 (arguing Plaintiff failed to adequately plead specific false claims). Third, permitting discovery would undermine the purpose of Rules 12(b)(6) and 9(b).

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to compel discovery [72] is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager