IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES ex rel. AZAM RAHIMI, et al.<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br><br>RITE AID CORPORATION<br><br>　　　　　　　Defendant. | CIVIL ACTION NO.:<br>2:11-cv-11940- SJM<br><br>Hon. Stephen J. Murphy III |

## THE STATE PLAINTIFFS' STATEMENT OF INTEREST

The States of Colorado, Connecticut, Delaware, Georgia, Indiana, Louisiana, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Virginia and Washington, and the District of Columbia ("the States") respectfully submit this Statement of Interest to advise the Court that while pharmacy compliance with individual state Medicaid "usual and customary charge" ("U&C") billing statutes, regulations, and/or other rules is generally material to the States when paying Medicaid claims, Defendant Rite Aid Corporation ("Rite Aid") has raised two arguments about materiality which are clearly wrong. The States herein explain why Rite Aid is mistaken.

## Procedural History

Relator filed this *qui tam* action under seal on May 3, 2011. The United States and the State Plaintiffs then conducted a five-year long investigation, which included an audit and unsuccessful discussions with Defendant, aimed at resolving the matter without litigation. In 2016, Relator informed the States that he was willing to litigate the case with the support of several experienced law firms. The State Plaintiffs subsequently declined to intervene in the case. The States provided Relator with samples of claims that were submitted by Rite Aid and paid by the States.

Pending before the Court is Defendant's second motion to dismiss. (Dkt. 73.) In it, Defendant renews an argument that the Court rejected in ruling on Defendant's first motion to dismiss, namely that Relator has not sufficiently alleged the materiality of the federal and state U&C billing rules at issue in the litigation. (*Id.* at 12-16.) Defendant informs the Court that it "respectfully disagrees" with the Court's earlier decision. (*Id.* at 12.)

## Statement of Interest

Raising two arguments that are the specific focus of this Statement of Interest, Rite Aid claims that (1) the States' continued payment of prescription drug claims billed to their programs by Rite Aid, and (2) the States' declinations of

the action, are "strong evidence that any miscalculations about the U&C by Rite Aid were not material." (*Id.* at 10, 14.)

Rite Aid is incorrect. The States' continued payment of Defendant's prescription drug claims, and the States' declinations, do not evidence, or establish, the lack of materiality of the U&C billing regulations, statutes, and rules.

### 1. Continued Government Payment Does Not Constitute Evidence of Lack of Materiality

While discontinuing future Medicaid provider payments is sometimes an appropriate and feasible response when a government investigation has uncovered detailed information establishing all the facts which demonstrate the payment of false claims, in many other situations it is not. In light of the number of pharmacies Defendant operates throughout the country, a government decision to discontinue payment of Defendant's claims would adversely affect the millions of Medicaid beneficiaries who rely on Rite Aid to meet their prescription needs. Moreover, as a general matter, state Medicaid programs sometimes redress overcharges that are not detected by Medicaid's pre-payment review software by recouping the resulting overpayments through administrative proceedings, or, in a case such as this where alleged violations of state false claims laws are involved, through false claims litigation conducted either by the state Attorney General or a *qui tam* relator. The States are dependent upon pharmacies to report the correct

prices of their drugs, as the States cannot otherwise obtain such information. The States' choice of one of the many enforcement options at their disposal does not support Rite Aid's claim of lack of materiality.

As the Supreme Court made clear in *Universal Health Services, Inc. v. United States ex rel. Escobar, et al.*, 136 S.Ct. 1989, 2003 (2016), materiality does not hinge merely on the fact that the government may continue to pay claims even if there is some suspicion of fraudulent reporting by a provider. *Id.* "[I]f the Government regularly pays a particular type of claim in full despite <u>actual knowledge</u> that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." *Id.* at 2004 (emphasis added). Here, the issue of what <u>actual knowledge</u> was possessed by the government, as to the actual extent and precise amount of inaccurate U&C reporting by Defendant to the States, is a question of fact, and not legal grounds to dismiss the case at the pleading stage.

In *United States ex rel. Campie v. Gilead Sciences, Inc.* 862 F.3d 890, 906 (9th Cir. 2017), Gilead argued "that because the government continued to pay for the medications after it knew of the FDA violations, those violations were not material to its payment decision." *Id.* However, the Ninth Circuit explained in *Gilead*,

> To read too much into the FDA's continued approval – and its effect on the government's payment decision – would be a mistake… [T]here are many reasons the FDA may choose not to withdraw a drug approval, <u>unrelated to the concern</u> that the government paid out billions of dollars for nonconforming and adulterated drugs.

*Id.* at 906 (emphasis added.) Gilead's defense relied upon its assertion that the payments were made with actual knowledge of FDA violations. The court noted, "[a]lthough it may be that the government regularly pays this particular type of claim in full despite actual knowledge that certain requirements were violated, such evidence is not before us." *Gilead*, 862 F.3d at 907. Similarly, in this case, there has been no concession or agreement on what the government knew regarding the extent of inaccurate U&C price reporting by Defendant, and when; thus, "actual knowledge" has yet to be established. At this stage, materiality has been sufficiently pleaded.

### 2. A State's Declination Decision Has No Bearing On Materiality

Rite Aid is also mistaken in suggesting that a state declination in a *qui tam* action evidences the declining state's view that the rule at issue in the case is not "material" to payment. Government plaintiffs decline cases for many reasons that have nothing to do with the merits. In fact, in *Escobar*, 136 S.Ct. 1989, the Supreme Court did not mention Massachusetts's declination of relator's state claims (nor the federal government's declination of relator's federal claims) in its analysis of the "rigorous" and "demanding" materiality standard. See *id.* at 1996,

2003. Accordingly, the Sixth Circuit Court has noted, "If relators' ability to plead sufficiently the element of materiality were stymied by the government's choice not to intervene, this would undermine the purposes of the Act." *United States v. Brookdale Senior Living Communities, Inc.*, 892 F.3d 822, 836.

## Conclusion

For the reasons discussed herein, the States respectfully request that the Court reject Rite Aid's arguments in its pending second motion to dismiss as to significance of the states' continued payment of Rite Aid's pharmacy claims, and the states' declinations, with regard to the materiality of Relator's allegations.

Date: _____     DANA NESSEL
　　　　　　　　　　　　　MICHIGAN ATTORNEY GENERAL


　　　　　　　　　　　By:  /s/ Jason Evans (P61567)
　　　　　　　　　　　　　Jason Evans
　　　　　　　　　　　　　First Assistant Attorney General
　　　　　　　　　　　　　Health Care Fraud Division
　　　　　　　　　　　　　P.O. Box 30218
　　　　　　　　　　　　　Lansing, MI 48909
　　　　　　　　　　　　　Tel: (517) 241-6500
　　　　　　　　　　　　　evansj@michigan.gov

FOR THE STATE OF COLORADO

PHIL WEISER
COLORADO ATTORNEY GENERAL

By: /s/ George A. Codding
George A. Codding
Colo. Bar # 18750
1300 Broadway, 9th Floor
Denver, CO 80203
Tel.: (720) 508-6686
Fax: (720) 508-6034
george.codding@coag.gov

FOR THE DISTRICT OF COLUMBIA

KARL A. RACINE
DISTRICT OF COLUMBIA ATTORNEY GENERAL

By: /s/ Jane Drummey
Jane Drummey
Assistant Attorney General
Public Advocacy Division
441 Fourth Street, N.W., Suite 630 South
Washington, DC 20001
(202) 727-2658
jane.drummey@dc.gov

FOR THE STATE OF CONNECTICUT

WILLIAM TONG
CONNECTICUT ATTORNEY GENERAL

By: /s/ Robert B. Teitelman
Robert B. Teitelman
Assistant Attorney General
55 Elm Street
Hartford, CT 06106
robert.teitelman@ct.gov

| | |
|---|---|
| FOR THE STATE OF DELAWARE | KATHY JENNINGS<br>DELAWARE ATTORNEY GENERAL |

By: /s/ Kate Keller
Kate Keller
Director, MFCU
Medicaid Fraud Control Unit of Delaware
Office of the Attorney General
820 N French Street, 5th Floor
Wilmington, DE 19801

| | |
|---|---|
| FOR THE STATE OF GEORGIA | CHRISTOPHER M. CARR<br>GEORGIA ATTORNEY GENERAL |

By: /s/ Richard W. Tangum
RICHARD W. TANGUM
Georgia Bar No. 141337
Senior Assistant Attorney General
Georgia Medicaid Fraud Control Unit
200 Piedmont Avenue, S.E.
West Tower – 19th Floor
Atlanta, Georgia 30334
P: (404) 656-4145
Email: rtangum@law.ga.gov

| | |
|---|---|
| FOR THE STATE OF INDIANA | CURTIS T. HILL, JR.<br>INDIANA ATTORNEY GENERAL<br>Attorney No. 13999-20 |

By: /s/ Lawrence J. Carcare
Lawrence J. Carcare II
Indiana Attorney No. 18557-49
Deputy Attorney General
Office of the Indiana Attorney General
Medicaid Fraud Control Unit
8005 Castleway Dr.
Indianapolis, IN 46250-1946
Tel: (317) 915-5319
Lawrence.Carcare@atg.in.gov

| | |
|---|---|
| FOR THE STATE OF LOUISIANA | JEFF LANDRY<br>LOUISIANA ATTORNEY GENERAL<br><br>By: /s/ Nicholas J. Diez<br>Nicholas J. Diez, La. Bar 31701<br>Assistant Attorney General<br>Louisiana Department of Justice<br>1885 N. Third St.<br>Baton Rouge, LA 70802<br>Tel: (225) 326-6253<br>Fax: (225) 326-6295<br>Email: diezn@ag.louisiana.gov |
| FOR THE COMMONWEALTH OF MASSACHUSETTS | MAURA HEALEY<br>MASSACHUSETTS ATTORNEY GENERAL<br><br>By: /s/ Toby Unger<br>Toby Unger, Chief, MFD<br>Office of the Attorney General<br>Commonwealth of Massachusetts<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108 |
| FOR THE STATE OF NEVADA | AARON D. FORD<br>NEVADA ATTORNEY GENERAL<br><br>By: /s/ Mark Kemberling<br>Mark Kemberling<br>Nevada State Bar No. 5388<br>Chief Deputy Attorney General<br>Office of the Attorney General<br>555 East Washington Avenue, Suite 3900<br>Las Vegas, Nevada 89101-1068<br>P: (702) 486-3420<br>MKemberling@ag.nv.gov |

| | |
|---|---|
| FOR THE STATE OF<br>NEW JERSEY | GRUBIR GREWAL<br>NEW JERSEY ATTORNEY GENERAL |

By: /s/ Peter Sepulveda
Peter Sepulveda
Deputy Attorney General
Medicaid Fraud Control Unit
Office of the Attorney General of NJ
P.O. Box 094
Trenton, NJ 08625-0094
sepulvedap@njdcj.org

| | |
|---|---|
| FOR THE STATE OF<br>NEW YORK | LETITIA JAMES<br>NEW YORK ATTORNEY GENERAL |

By: /s/ Alee N. Scott
Alee N. Scott
Chief, Civil Enforcement Division
Medicaid Fraud Control Unit
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005

| | |
|---|---|
| FOR THE STATE OF<br>NORTH CAROLINA | JOSHUA H. STEIN<br>NORTH CAROLINA ATTORNEY GENERAL |

By: /s/ F. Edward Kirby, Jr.
F. Edward Kirby, Jr.
Director
North Carolina Department of Justice
Medicaid Investigations Division
5505 Creedmoor Road, Ste. 300
Raleigh, NC 27612
Phone: (919) 881-2320

| | |
|---|---|
| FOR THE STATE OF RHODE ISLAND | PETER F. NERONHA<br>RHODE ISLAND ATTORNEY GENERAL<br><br>By:  /s/ James F. Dube, #4381<br>James F. Dube<br>Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 |
| FOR THE STATE OF TENNESSEE | HERBERT H. SLATERY III<br>TENNESSEE ATTORNEY GENERAL AND REPORTER<br><br>By:  /s/ Philip Bangle<br>Philip Bangle (BPR #031636)<br>Assistant Attorney General<br>Medicaid Fraud & Integrity Division<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 37202-0207<br>(615) 741-3054<br>Philip.Bangle@ag.tn.gov |
| FOR THE COMMONWEALTH OF VIRGINIA | MARK HERRING<br>VIRGINIA ATTORNEY GENERAL<br><br>By:  /s/ Tracey D.S. Sanders<br>Virginia Bar Number 39604<br>Assistant Attorney General<br>Office of the Virginia Attorney General<br>202 N. 9th Street, Richmond, VA 23219<br>(804) 225-2502 – Direct Dial<br>(804) 786-0807 – Facsimile |

| | |
|---|---|
| FOR THE STATE OF WASHINGTON | ROBERT W. FERGUSON<br>WASHINGTON ATTORNEY GENERAL<br><br>By:  /s/ Carrie L. Bashaw<br>Carrie L. Bashaw, WSBA #20253<br>Senior Counsel<br>Washington Attorney General's Office<br>Medicaid Fraud Control Division<br>P.O. Box 40114<br>Olympia, WA  98504-0114<br>Telephone:  (360) 586-8888<br>Facsimile:   (360) 586-8877<br>Email: CarrieB@atg.wa.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2019, I caused the aforesaid Statement of Interest to be served upon the parties and/or counsel of record by filing it in the ECF system and/or electronic mail service.

/S/ Jason Evans (P61567)
First Assistant Attorney General
State of Michigan/Health Care Fraud Division