IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES ex rel. AZAM RAHIMI, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ) |
| RITE AID CORPORATION | ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.:
2:11-cv-11940- SJM

Hon. Stephen J. Murphy III

**STATEMENT OF INTEREST IN OPPOSITION TO DISMISSAL BASED ON PUBLIC DISCLOSURE, SUBMITTED BY COLORADO, NEW YORK, VIRGINIA, AND WASHINGTON**

The undersigned State Plaintiffs respectfully submit this Statement of Interest in opposition to the motion by Defendant Rite Aid to dismiss their claims pursuant to the "public disclosure" provisions of their respective state false claims laws. *See* Dkt. No. 104, Defendant Rite Aid Corporation's Brief in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings, at 24-25. In addition, the states of Colorado, New York, Virginia, and Washington (referred to herein as the "Objecting State Plaintiffs") exercise their right to object to dismissal of claims based on public disclosure when such claims are based on Rite Aid misconduct that took place after the state's public disclosure provision was amended to provide for an objection. The public disclosure

provisions in the laws of the Objecting State Plaintiffs provide for dismissal in certain, enumerated circumstances, but only if the state does not object.[1] For example, New York's law specifies:

> The court shall dismiss a qui tam action under this article, <u>unless opposed by the state</u> or an applicable local government, or unless the qui tam plaintiff is an original source of the information, if substantially the same allegations or transactions as alleged in the action were publicly disclosed:
>
> (i) in a state or local government criminal, civil, or administrative hearing in which the state or a local government or its agent is a party;
>
> (ii) in a federal, New York state or New York local government report, hearing, audit, or investigation that is made on the public record or disseminated broadly to the general public; provided that such information shall not be deemed "publicly disclosed" in a report or investigation because it was disclosed or provided pursuant to article six of the public officers law, or under any other federal, state or local law, rule or program enabling the public to request, receive or view documents or information in the possession of public officials or public agencies;
>
> (iii) in the news media, provided that such allegations or transactions are not "publicly disclosed" in the "news media" merely because information of allegations or transactions have been posted on the internet or on a computer network.

---

[1] Colo. Rev. Stat. Ann. § 25.5-4-306(5)(c) (effective August 7, 2013); Va. Code Ann. § 8.01-216.8 (effective March 26, 2011); N.Y. State Fin. Law § 190(9)(b) (effective August 27, 2010); Wash. Rev. Code Ann. § 74.66.080(2)(a) (effective June 7, 2012).

N.Y. State Fin. Law § 190(9)(b) (emphasis added.). The public disclosure provision in the false claims law of each of the Objecting State Plaintiffs contains comparable language. When construing analogous language in the public disclosure provision of the federal False Claims Act, 31 U.S.C. § 3730(e)(4), the courts have consistently held that a court may <u>not</u> dismiss the Government's claims based on public disclosures in the face of the Government's objection – the Government's objection is decisive on the issue. *See e.g., U.S. ex rel. Conroy v. Select Medical*, 2016 U.S. Dist. LEXIS 136475 at *38-*46 (S.D. Ind. 2016); *U.S. ex rel. Baker v. Community Health Sys.*, 2014 U.S. Dist. LEXIS 184578 at *9 (N. Mex. 2014); *U.S. ex rel. Berntsen v. Prime Healthcare Services,* Case No. 11-CV-8214, Order Denying Defendants' Motion to Dismiss Relator's Fourth Amended Complaint, Nov. 20, 2014, Dkt. No. 102, at pp. 4-6, (C.D. Cal. 2014); *U.S. ex rel. Mazza v. Miami Dade*, 2013 U.S. Dist. LEXIS 191950 at *6 (S.D. Fla. 2013).

The Objecting State Plaintiffs hereby respectfully invoke their right to object to the dismissal of claims based on misconduct that took place after the effective date of their respective objection provisions. (The effective dates of the objection provisions are indicated in the statutory cites in note 1, above.) In addition, all of the undersigned State Plaintiffs hereby state their view that the articles, press releases and other material identified by Rite Aid in its motion did <u>not</u> publicly disclose the essential elements of the allegations at issue in Mr. Rahimi's

complaint. We incorporate by reference the arguments on this issue made by Mr. Rahimi.

        Respectfully submitted,

Dated: September 12, 2019

PHIL WEISER
COLORADO ATTORNEY GENERAL

By: /s/ George A. Codding
George Codding
Colo. Atty. Reg. #18750
Senior Assistant Attorney General, MFCU
State of Colorado
1300 Broadway, 9th Floor
Denver, CO 80203
T: (720) 508-6686
F : (720) 508-6034
george.codding@coag.gov

LETITIA JAMES
NEW YORK ATTORNEY GENERAL

By: /s/ Jay Speers
Jay Speers, Counsel
Medicaid Fraud Control Unit
Office of the Attorney General of New York
28 Liberty St.
New York, NY 10005
212-417-5285
jay.speers@ag.ny.gov

MARK HERRING
VIRGINIA ATTORNEY GENERAL

By: /s/ William Clay Garrett
Virginia Bar Number 46881
Assistant Attorney General
Office of the Virginia Attorney General
202 N. 9th St.
Richmond, VA 23219
(804) 225-2502 – Direct Dial
(804) 786-0807 – Facsimile

ROBERT W. FERGUSON
WASHINGTON ATTORNEY GENERAL

By: /s/ Carrie L. Bashaw
Carrie L. Bashaw, WSBA #20253
Senior Counsel
Medicaid Fraud Control Division
P.O. Box 40114
Olympia, WA 98504-0114
Telephone: (360) 586-8888
Facsimile: (360) 586-8877
Email: CarrieB@atg.wa.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2019, I caused the aforesaid Statement of Interest to be served upon the parties and/or counsel of record by filing it in the ECF system and/or electronic mail service.

/s/ Jason Evans
First Assistant Attorney General
Michigan Department of Attorney General
Health Care Fraud Division